■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARLOS JOSEPH PRESCOTT, Also Known as CARLOS J. GARCIA, Appellant.— Appeal unanimously dismissed, appellant being now deceased. As stated in *People* v. *Mintz* (20 N Y 2d 770, 771) " the entire criminal prosecution has abated by reason of his death ". (Appeal from judgment of Monroe County Court, convicting defendant of murder and robbery, first degree.) Present — Marsh, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ.

■ NIAGARA FALLS URBAN RENEWAL AGENCY, Appellant, v. DOSDOURIAN, INC., Respondent.— Motion granted and order heretofore entered October 21, 1971 amended by striking from the ordering paragraph thereof the words " without costs " and inserting in place thereof the words " with costs ". Present — Del Vecchio, J. P., Witmer, Gabrielli and Cardamone, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. JOHN J. LONGO, Defendant.— Motion for change of venue denied. Memorandum: The defendant's motion for a change of venue of the place of trial of the indictment pending against him in Jefferson County is denied because there has not been a showing on the record before us that the defendant will be unable to receive a fair and impartial trial in Jefferson County to warrant a transfer of the trial to another county. The motions for an adjournment and assignment of counsel are also denied since the subject matter of these motions rests within the province of the trial court. We observe, however, that the trial court in exercising its discretion should grant defendant a reasonable time to prepare his defense on the 131 count indictment pending against him. (Order entered Nov. 30, 1971.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. CHARLES HENSON and MARLENE HENSON, Defendants.— Motion for change of venue granted and trial of indictment removed from County Court, Onondaga County, to Supreme Court, Oneida County. Memorandum: We recognize that ordinarily the trial of an indictment may not be removed to another county based solely on allegations that no fair and impartial trial can be had because of newspaper, television and radio releases. However, in this case extensive investigations were made of the procedures which have involved the defendants and their children and Family Court of Onondaga County. The reports thereof were filed, resulting in further widespread publicity, referring to the defendants and to the death of Kip Henson as the motivating factor of such investigation. Under all the circumstances in the record before us we conclude that the interests of justice would be served by removing the trial of this indictment to another county.